**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathy Cook Minnifield,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-20-00913-PHX-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Cathy Minnifield's Application for Disability Insurance benefits by the Social Security Administration. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. The Court now addresses Plaintiff's Opening Brief (Doc. 10, Pl. Br.), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 11, Def. Br.), and Plaintiff's Reply Brief (Doc. 12, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 8), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.   BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits in January 2017, alleging disability beginning July 25, 2016. (R. at 74.) Plaintiff's claim was denied initially on April 12, 2017, and upon reconsideration on August 23, 2017. (*Id*. at 98–101, 104–07.) On April 8, 2019, Plaintiff appeared before the ALJ for a hearing on her claim. (*Id*. at 10–36.) On May 15, 2019, the ALJ denied Plaintiff's claim. (*Id*. at 71–97.) The Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on March

23, 2020. (*Id*. at 1–6.) Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: right ankle fusion; right knee replacement; obesity; degenerative disc disease of the cervical spine status post fusion; asthma; and chronic kidney disease. (*Id*. at 77.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (*Id*. at 89.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 80.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently push and pull with the upper extremities, and never operate foot controls with the right lower extremity. She can never climb ladders, ropes or scaffolds, and occasionally climb ramps or stairs. She can never crawl. She can occasionally balance, stoop, crouch and kneel. She is limited to occasional bilateral overhead reaching. She can frequently handle, finger and feel bilaterally. She can have occasional exposure to nonweather-related extreme cold, extreme heat, excessive vibration and pulmonary irritants, such as fumes, odors, dusts, gases and poorly ventilated areas. She can have no exposure to dangerous machinery or unprotected heights. She requires a hand held assistive device at all times when standing.

(*Id*. at 81.) Accordingly, the ALJ found that Plaintiff "is capable of performing past relevant work as a customer service representative." (*Id*. at 88.)

## II.  LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236

F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises two arguments in challenging the ALJ's nondisability finding.

First, Plaintiff argues that the ALJ erred by rejecting opinions offered by Plaintiff's treating physicians—Dr. Wanda Figueroa-Cruz and Dr. Lawrence Kutz. (Pl. Br. at 1.) Second, Plaintiff argues that the ALJ erroneously rejected her symptom testimony without sufficient justification. (*Id*. at 2.) For the following reasons, the Court rejects Plaintiff's arguments and finds that the ALJ's determination is supported by substantial evidence.

### A.   Medical Opinion Evidence

Plaintiff's treating physicians Drs. Kutz and Figueroa-Cruz offered opinions regarding Plaintiff's functional limitations, which Plaintiff claims "preclude the ability to sustain work." (Pl. Br. at 16; R. at 1795–96, 1802–03.)  The ALJ rejected both opinions as "overly restrictive given [Plaintiff]'s positive response to surgical interventions and other treatment modalities, such as injection therapy and medication management." (R. at 88.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ provided a specific and legitimate reason—Plaintiff's improvement with treatment—for rejecting Drs. Kutz and Figueroa-Cruz's opinions and that reason is supported by substantial evidence. The record indicates that Plaintiff had three significant

surgeries during the relevant period—cervical spine surgery in July 2017; right total knee arthroplasty surgery in May 2018; and right ankle surgery in December 2018. (R. at 1784–85, 2479–80, 4443–44.) The ALJ acknowledged these surgical interventions but discounted the treating physicians' opinions because of documented improvement with treatment after each surgery. (*Id.* at 86–88.) This was a permissible basis to discount the opinions. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (finding that the ALJ used medical records that specifically supported his conclusion that plaintiff's impairments had improved and were well controlled by the prescribed treatment, resulting in minimal limitations). Further, the ALJ's finding was supported by substantial evidence since the ALJ identified specific records that demonstrate Plaintiff reported improvement, diminished pain, and increased functionality following each surgery. (R. at 82–88, 2286, 2323, 2349, 2359–63, 4410, 4429, 4671, 4674.)

Plaintiff argues that the ALJ's analysis is flawed, but her arguments are unpersuasive. Initially, Plaintiff argues that the ALJ generally cited over 1,000 medical records rather than identifying specific records that undermine the doctors' opinions. (Pl. Br. at 13–14.) Plaintiff's argument misses the mark. Although the ALJ cited thousands of records in the paragraph directly analyzing the treating physicians' opinions, she cited specific records elsewhere in her opinion. (R. at 82–88.) Reading the ALJ's opinion as a cohesive whole, it is clear the ALJ's detailed discussion of Plaintiff's medical treatment and improvement earlier in her opinion applies with equal force to her analysis of the treating physicians' opinions. The ALJ is not required to repeat each citation to the record after she has previously done so in detailed fashion. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Accordingly, the ALJ did not err by citing generally to the records she relied on specifically elsewhere in her analysis.

Plaintiff's next argument is that the ALJ identified only isolated records of improvement in discounting the treating physicians' opinions. (Pl. Br. at 14–15.) This argument is also unpersuasive. Plaintiff is correct that the record discloses that Plaintiff

had continued symptoms even after each of her surgeries. (R. at 2286, 2323, 2359–63, 4414, 4681.) Nevertheless, the ALJ identified many medical records that document Plaintiff's improvement with treatment, which, in the ALJ's opinion, undermine the treating physicians' opinions regarding the extent of Plaintiff's limitations. (*Id*. at 82–88, 2286, 2323, 2349, 2359–63, 4410, 4429, 4671, 4674.) Ultimately, the evidence on this issue points in either direction. Because substantial evidence is a relatively low evidentiary threshold and highly deferential, *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009), the ALJ's interpretation of the evidence was reasonable. The ALJ did not err in concluding that Plaintiff's improvement, despite her remaining symptoms, undermined the physicians' opinions. *See Thomas*, 278 F.3d at 954; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when competing rational inferences can be drawn from the record, the ALJ's decision should be upheld).

Plaintiff's final argument on this issue is that "the ALJ, as a layperson and administrative adjudicator, was unqualified to determine whether the limitations assessed by Drs. Kutz and Figueroa-Cruz were 'overly restrictive.'" (Pl. Br. at 15.) Though Plaintiff is correct that the ALJ is not qualified to make independent medical findings, she is incorrect that the ALJ is unqualified to determine whether the medical opinions are adequately supported. It is the ALJ's duty to evaluate the medical evidence, resolve conflicts and ambiguities in the record and determine a claimant's RFC. *See Tommasetti*, 533 F.3d at 1041. Further, the RFC need not match any particular medical source opinion since it is a legal determination. 20 C.F.R. §§ 404.1527(d)(2), 404.1545, 404.1546(c). Thus, the ALJ *must* navigate between potentially competing medical opinions and evidence and determine a claimant's RFC. That is precisely what the ALJ did here. Even the opinions she credited—from Dr. Neil Sapin and Dr. Nadine Keer—she partially rejected because aspects of the opinions were inconsistent with the remaining record. (R. at 86–87.) This was not error because the ALJ must compute the claimant's RFC by considering all the evidence and evaluating the extent to which the medical opinions are consistent with the remaining evidence. But this does not mean the ALJ was herself

offering a medical opinion.

Accordingly, the ALJ provided a specific and legitimate reason—Plaintiff's improvement with treatment—for rejecting the opinions offered by Plaintiff's treating physicians. The ALJ did not err since substantial evidence supported the ALJ's finding that Plaintiff's improvement undermined the medical opinions.

### B. Symptom Testimony

At her hearing, Plaintiff testified that pain in her neck, arms, shoulder, knee and ankle prevent her from working on a regular basis. (R. at 19.) She also testified that treatment helps but she still has continuous pain and "pretty much do[es]n't do anything" during the day. (*Id.*) The ALJ discounted Plaintiff's testimony because Plaintiff's improvement undermined her allegations of disabling symptoms. (*Id.* at 82–86.) Further, the ALJ also found that Plaintiff's allegation that she requires an assistive device to walk was unsupported by the record; however, the ALJ also included a restriction that Plaintiff requires an assistive device in her RFC. (*Id.* at 81, 85.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence

to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Here, the ALJ considered Plaintiff's symptom testimony and found that her medically determinable impairments could reasonably be expected to cause her alleged symptoms. (R. at 81–82.) Plaintiff, therefore, satisfied the first step of the analysis. At step two, however, the ALJ determined Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (*Id.*) To support this finding, the ALJ listed several reasons, such as inconsistent evidence and improvement with treatment. The ALJ's finding that Plaintiff improved with treatment and that this improvement undermines Plaintiff's allegations is supported by substantial evidence. Significantly, the ALJ identified many records that specifically documented Plaintiff's improvement with treatment following surgery and other treatments. (R. at 82–88, 2286, 2323, 2349, 2359–63, 4410, 4429, 4671, 4674.) Plaintiff's documented improvement was a specific, clear, and convincing basis for discounting her allegations of disabling symptoms. *See Tommasetti*, 533 F.3d at 1040.

Plaintiff argues that the ALJ failed to connect Plaintiff's improvement to any specific testimony that warranted rejection. (Pl. Br. at 18.) Further, Plaintiff again argues that the ALJ overlooked the continued existence of symptoms despite Plaintiff's improvement. (*Id.* at 19.) The Court rejects Plaintiff's arguments. In analyzing the medical evidence and Plaintiff's improvement, the ALJ repeatedly references Plaintiff's specific allegations that are undermined by the record. (R. at 83–85.) Specifically, the ALJ found that Plaintiff's improvement "weaken[s] her allegations of disabling right knee impairment. . . . disabling cervical symptoms. . . . disabling chronic pain. . . . [and] her allegations of disabling symptoms." (*Id.*) Thus, Plaintiff's argument that the ALJ's analysis "[w]as without any effort to connect the discussion of the medical evidence to a finding that any specific part of the symptom testimony lacked credibility," is incorrect. (Pl. Br. at 18.) Next, as similarly discussed in relation to the ALJ's analysis of the medical opinions, the ALJ did not err by finding Plaintiff's improvement undermines her

allegations. Though some records that indicate Plaintiff had residual symptoms despite improvement, the ALJ's interpretation of the evidence undermines her allegation was still a reasonable one. Substantial evidence supports the ALJ's conclusion that Plaintiff's improvement undermines her allegations, even if some symptoms persisted. Because this interpretation is reasonable, the Court defers to it, even if alternative interpretations of the evidence are also permissible.

Finally, even if the ALJ erred, as Plaintiff argues, by discrediting Plaintiff's allegations that she requires an assistive device, such error would be harmless. (Pl. Br. at 19–20.) The ALJ included an assistive device requirement in Plaintiff's RFC so any potential error is inconsequential since the ALJ gave Plaintiff the benefit of the doubt regarding her use of an assistive device. (R. at 80.) Plaintiff's arguments do not persuade the Court that the ALJ improperly rejected her symptom testimony.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED affirming** the May 15, 2019 decision of the Administrative Law Judge (R. at 71–97).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 11th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge